THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BRG PUBLICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 9:16-cv-81618 |
| BRAD SANTELLI, DDS, P.A.; ) | |
| SANTELLI ORTHODONTICS OF ) | |
| BOCA, LLC; SANTELLI ) | |
| ORTHODONTICS OF WELLINGTON, ) | |
| LLC; and JOHN DOE COMPANY. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, BRG PUBLICATIONS, INC., by and through its undersigned counsel, hereby files this complaint against Defendants, BRAD SANTELLI, DDS, P.A.; SANTELLI ORTHODONTICS OF BOCA, LLC; SANTELLI ORTHODONTICS OF WELLINGTON, LLC; and JOHN DOE.

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under federal copyright law (17 U.S.C. §§ 101, *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3. Venue herein is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a) because, as detailed in the "Parties" section below, all Defendants reside in this division of the Southern District of Florida and all Defendants are domiciled in Florida. Venue is further is proper because a substantial part of the tortious acts of infringement complained of herein occurred within district.

4. This Court has personal jurisdiction over all known Defendants, as all Defendants are entities formed in the state of Florida under Florida law and reside in and are domiciled in Florida.

## PARTIES

5. Plaintiff BRG PUBLICATIONS, INC. is a Florida corporation with its principal address in Orange County, Florida.

6. Defendant BRAD SANTELLI, DDS, P.A. is a corporation organized and existing under Florida law. Its principal place of business is 1590 NW 10TH Avenue, Suite 302, Boca Raton, FL 33486.

7. Defendant SANTELLI ORTHODONTICS OF BOCA, LLC is a limited liability company organized and existing under Florida law. Its principal place of business is 1590 NW 10TH Avenue Suite 302, Boca Raton, FL 33486.

8. Defendant SANTELLI ORTHODONTICS OF WELLINGTON, LLC is a limited liability company organized and existing under Florida law. Its principal place of business located at 3319 State Rd. 7 Suite 211, Wellington, FL 33449.

9. BRAD SANTELLI, DDS, P.A. is the managing member of SANTELLI ORTHODONTICS OF BOCA, LLC and SANTELLI ORTHODONTICS OF WELLINGTON, LLC. and has ultimate control over all their decisions and actions.

10. JOHN DOE COMPANY is/are the unknown individual(s) or entity or entities who engage in the printing and graphics business.

**GENERAL ALLEGATIONS**

11. Plaintiff BRG PUBLICATIONS, INC. is the original author of the work *Car Rider Pick Up Tag* (the "copyrighted work").

12. Plaintiff registered the copyright for *Car Rider Pick Up Tag* with the United States Copyright Office (Reg. No.

VA0001872268, Reg. Date April 29, 2013). **Exhibit "1"** is a true and correct copy of the certificate of registration.

13. As the copyright owner and author of *Car Rider Pick Up Tag,* pursuant to section 106 of the Copyright Act, Plaintiff has the exclusive rights to reproduce his work, prepare derivative works, distribute copies to the public, and display the work publicly.

14. *Car Rider Pick Up Tag* is a two-sided work of graphic visual art, with the front side appearing as:



15. The pink line represents where the work can be die-cut into a shape.

16. The backside of the work, which is shown below, features the original, non-functional element of the black outline of a car and a creative shape for die-cutting.



17. The protectable, original elements of the copyrighted work include the black graphical outline of a car and its wheels, and the decorative car-shape for die-cutting; and, on the front side, the gray wheels with white oval and black arc, the baby-blue shading with pale blue windows, and deeper blue illustration of door handles and edging on the car door, and the creative placement of words "CAR RIDER PICK UP," "GRADE," and "NAME." These elements were selectively and creatively arranged to create a decorative, cartoon-style image of a car.

18. The protectable elements of the work can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the top part of the shape (the "hanger"), which allows a copy of the work to hang from a car's rear-view mirror.

19. Plaintiff uses the blank space on the backside of the design when it licenses copies of the work to his clients, dentists and orthodontists; for a fee, Plaintiff applies his clients' logos in that space for licensed distribution limited to particular grade schools in Florida.

20. Once printed with Plaintiff's clients' logos, the copies of the work are distributed to children and parents at certain grade schools in Florida. A child's name is written on the front side of the work, and the parent places the "hanger" portion onto his or her rear-view mirror, and the graphical, decorative portion of the design is displayed visibly through the windshield, while the backside of the design, advertising Plaintiff's client, is visible to the parent driving the car.

21. Plaintiff is selective about whom it licenses the copyrighted work to and generally licenses the design to be used at only specific grade schools to avoid clients competing with each other at the same school.

22. The front side of all copies of Plaintiff's copyrighted work feature a distinct and visible copyright notice as follows:

©2009 BRG Publications, Inc.  To reorder call  407-654-3013

23. In or about May 2015, Plaintiff learned that unauthorized reproductions of its copyrighted work had been made and distributed, without authorization, to grade schools.

24. The below image is a true and correct representation of the front side of the unauthorized reproduction. This copy is an exact duplicate of the front side of Plaintiff's copyrighted work, complete with all of its original copyrightable elements. The only differences between the below, infringing copy, and Plaintiff's work is that the word "TEACHER" is added to the infringing copy and Plaintiff's copyright notice is removed.



25. Below is a true and correct copy of the backside of the unauthorized reproduction. Printed thereon are advertisements for Defendants BRAD SANTELLI, DDS, P.A.; SANTELLI ORTHODONTICS OF BOCA, LLC; and SANTELLI ORTHODONTICS OF WELLINGTON, LLC (collectively, the "Santelli Defendants").



26. On or about May 22, 2015, Plaintiff sent a demand to the Santelli Defendants notifying them of the infringement.

27. Plaintiff has incurred attorney's fees in prosecuting this issue.

### COUNT I: INFRINGEMENT OF COPYRIGHTS

28. Plaintiff realleges Paragraphs 1 through 27 as if fully pleaded and incorporated herein this count.

29. At all relevant times herein, Plaintiff has been the owner of a valid copyright of *Car Rider Pick Up Tag*,

registered with the United States Copyright Office, Reg. No. VA0001872268, since April 29, 2013.

30. The Santelli Defendants had access to and obtained a copy of Plaintiff's copyrighted work, which, as authorized by Plaintiff, had been distributed throughout various grade schools in Florida.

31. All Defendants had been placed on notice, pursuant to the unambiguous "©" notice on the copyrighted work, that it was a copyrighted work owned by Plaintiff.

32. None of the Defendants were granted a license to reproduce the copyrighted work.

33. The Santelli Defendants presented a copy of the copyrighted work to JOHN DOE COMPANY and asked it to create copies of the work without the copyright notice.

34. Upon information and belief, JOHN DOE COMPANY was paid by the Santelli Defendants to make, and did make, an unknown number of unauthorized copies for the Santelli Defendants.

35. In making the unauthorized copies, all Defendants took affirmative steps to remove, conceal, or omit Plaintiff's copyright notice.

36. As evidenced by the advertisements on the back of the infringing copy, each of the Santelli Defendants caused or contributed to, and benefited from, the infringement.

37. The unauthorized copies are not merely substantially similar but are virtually identical to Plaintiff's original work, and Defendants copied all of of the protectable elements.

38. The Santelli Defendants distributed an unknown number of the unauthorized, infringing copies to various grade schools in South Florida.

39. In making these unauthorized reproductions and distributing them to the public, Defendants violated and infringed Plaintiff's exclusive rights of reproduction and distribution as protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq*.).

40. Upon information and belief, each Defendant participated in and benefited from the infringement.

41. Defendants' acts of infringement were willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

42. As a result of the Defendants' infringement of the Plaintiff's exclusive rights under copyright, Plaintiff is

entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

43. Defendants' conduct caused, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing the Plaintiff's copyright and ordering that Defendants destroy all infringing copies.

WHEREFORE, Plaintiff BRG PUBLICATIONS, INC. prays for final judgment against Defendants BRAD SANTELLI, DDS, P.A.; SANTELLI ORTHODONTICS OF BOCA, LLC; SANTELLI ORTHODONTICS OF WELLINGTON, LLC; and JOHN DOE COMPANY, jointly and severally, as follows:

> a. Temporarily and permanently enjoining Defendants from directly or indirectly infringing Plaintiff's rights in the copyrighted work, whether now in existence or later created, including without limitation by using a printer or other manufacturing source or device to reproduce or distribute the Plaintiff's design or to make it design available for distribution to the public without authority of the Plaintiff, and requiring Defendants to destroy all infringing copies of the copyrighted work in Defendants' possession, custody, or control;

    b.   For an accounting of all gains and profits derived through infringement of Plaintiff's copyright;

    c.   Awarding actual damages, or, at the election of the Plaintiff, statutory damages pursuant to 17 U.S.C. § 504;

    d.   Awarding full costs, including reasonable attorney fees, pursuant to 17 U.S.C. § 505; post-judgment interest; and

    e.   Granting such other and further relief as this Court may deem equitable and proper.

### JURY DEMAND

Plaintiffs request a jury trial on all issues so triable.

Respectfully submitted by Attorney for Plaintiffs,

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 407-965-5519/Fax 407-545-4397
[www.ConlinPA.com](www.ConlinPA.com)

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Email 1: cynthia@cynthiaconlin.com
Email 2: jeff@cynthiaconlin.com